# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Eric Williams,

         Plaintiff,       :     Case No. 2:19-cv-3030

  - vs -                        Judge Sarah D. Morrison
                                 Magistrate Judge Jolson
Frank Brunckhorst Co., LLC.,

                             :

         Defendant.

## **OPINION & ORDER**

In this employment discrimination case, Defendant Frank Brunckhorst Co., LLC ("Brunckhorst") moves to dismiss Plaintiff Eric Williams' Ohio Revised Code Chapter 4112.02(I) retaliation count pursuant to Fed. R. Civ. P. 12(B)(6). (ECF No. 4.) Williams opposes (ECF No. 5), and Brunckhorst's Reply (ECF No. 8) is filed. After due consideration, the Court **GRANTS** the motion in part and **DENIES** the motion in part.

### I.    BACKGROUND

In adjudicating this motion to dismiss, the Court accepts as true all well-pleaded factual allegations from the Complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-9 (2009).

Williams is a forty-seven year-old African-American male. He has worked for Brunckhorst since 2013. During that time, he applied for multiple promotions but Brunckhorst declined his application each time. Instead, Caucasian employees were selected for each spot. At some point, Williams complained to his manager "about [Brunckhorst's] unfair refusal" to promote him. (ECF No. 2 ¶ 54.) In August 2018, Williams filed a charge of discrimination with the United States Equal Opportunity Commission ("EEOC Charge"), alleging that Brunckhorst

1

had discriminated against him on the basis of his age and race. Two months later, Brunckhorst promoted Williams.

The EEOC issued a right-to-sue letter in March 2019. Williams lodged the instant Complaint in the Franklin County Court of Common Pleas of Ohio in June 2019, which Brunckhorst promptly removed to this Court in July 2019 pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. Williams asserts federal and parallel state claims for age and race discrimination and hostile work environment. He also sets forth a claim for retaliation. Brunckhorst filed a partial answer (ECF No. 3) while moving to dismiss (ECF No. 4) Williams' claims for retaliation and hostile work environment. In response, Williams filed a voluntary dismissal of his hostile work environment claims under Fed. R. Civ. P. 41(a) on August 8, 2019. (ECF No. 6.) The Court turns to an examination of whether dismissal of Williams' R.C. 4112.02(I) retaliation claim (Count 9) is proper pursuant to Rule 12(B)(6).

## II. STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id*. (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id*. (quoting

*Twombly*, 550 U.S. at 555, 570). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### III. DISCUSSION

At issue is Williams' R.C. 4112.02(I) claim for retaliation. That statute makes it illegal:

> [f]or any person to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section or because that person has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under sections 4112.01 to 4112.07 of the Revised Code.

"Claims for retaliation brought under Chapter 4112 are evaluated using the federal evidentiary standards and analysis used under Title VII . . . ." *White v. Adena Health Sys*., No. 2:17-cv-593, 2018 U.S. Dist. LEXIS 114975, at *8 (S.D. Ohio July 11, 2018) (citing *Abbott v. Crown Motor Co*., 348 F.3d 537, 541 (6th Cir. 2003)). As a result, for Williams' retaliation claim to survive this motion to dismiss, he must sufficiently allege facts showing that: (1) he engaged in an activity protected by Title VII; (2) Brunckhorst knew that he engaged in this protected activity; (3) thereafter, Brunckhorst took an action adverse to him; and (4) there was a causal connection between the protected activity and the adverse employment action. *White*, 2018 U.S. Dist. LEXIS 114975, at *9 (citing *Smith v. City of Salem*, Ohio, 378 F.3d 566, 570 (6th Cir. 2004)).

Here, Williams alleges he engaged in two different protected activities—complaining to his boss about not being promoted and filing the EEOC Charge. (ECF No. 5 at 3.) Brunckhorst assumes for the purposes of this motion that Title VII protected both of those actions. Brunckhorst additionally implicitly concedes that it knew of Williams' protected activities. It instead focuses its arguments in support of dismissal on the third and fourth elements.

3

The first protected activity at issue involves Williams' complaints to his boss about not being promoted. (ECF No. 2 ¶ 54.) Specifically, Williams pleads that he applied for, but was denied, promotions six times between 2015 to 2018 despite being well-qualified for each of the roles for which he applied and not having any disciplinary history. *Id*. ¶ 22. Williams states that each of the positions went to less-qualified, Caucasian employees instead. So, Williams complained to his boss about "the discrimination, harassment, and disparate treatment he was experiencing" through Brunckhorst's "unfair refusal to promote him." *Id*. ¶ 54, 159. The Complaint states that after those comments, Brunckhorst "took adverse employment actions against Williams, including passing him over for promotions." *Id*. ¶ 160.

Brunckhorst now argues that Williams fails to sufficiently factually allege that he suffered an adverse action after complaining to his boss. This is incorrect. As noted, Williams' Complaint specifically asserts that Brunckhorst failed to promote him after he complained of discrimination. Failure to promote is an adverse action. *See Burlington Indus. v. Ellerth*, 524 U.S. 742 (1998); *see also Cleveland v. S. Disposal Waste Connections*, 491 F. App'x 698, 705 n.3 (6th Cir. 2012). This ground for dismissal therefore fails.

Brunckhorst further argues that Williams fails to plead facts sufficient to show that it denied Williams' promotions based upon Williams' comments to his boss. In essence, Brunckhorst argues dismissal is proper because Williams insufficiently pleads causation. In this regard, it is key to remember that "[t]he prima facie case . . . is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002); *see also Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (noting *Swierkiewicz* remains good law after *Twombly*, 550 U.S. 544). Rather, "so long as a complaint provides an adequate factual basis . . . it satisfies the pleading requirements

4

of Federal Rule of Civil Procedure 8(a)(2)." *Serrano v. Cintas Corp.*, 699 F.3d 884, 897 (6th Cir. 2012).

The Complaint asserts that Williams was qualified for the six positions to which he applied. The Complaint alleges Williams had no disciplinary history. The Complaint states that Brunckhorst decided to promote Caucasian individuals to each of the elevated positions. The Complaint provides that after Williams complained about the "discriminatory" promotional practice, he continued to be passed over for promotions. Lastly, Williams asserts Brunckhorst's failures to promote him "were retaliatory in nature based on Williams' opposition to the unlawful discriminatory conduct." *Id*. ¶ 161. Based upon these facts, which the Court examines the light most favorable to Williams, the Court concludes that it "can draw the necessary inference from the factual material stated in the complaint" such that "the plausibility standard has been satisfied." *Keys*, 684 F.3d at 610. Brunckhorst's Motion to Dismiss Williams' state retaliation claim premised upon his complaints to his boss is therefore **DENIED**.

Turning to Williams' EEOC Charge, Brunckhorst notes that two months after he lodged that complaint, Brunckhorst promoted him.  (ECF No. 2 at ¶ 49.)  A promotion, of course, is the antithesis of an adverse employment action. And, Williams identifies no negative employment action he suffered after he filed his EEOC Charge. Accordingly, the Court **GRANTS** Brunckhorst's Motion to Dismiss Williams' EEOC retaliation claim premised on the EEOC charge under Rule 12(B)(6).

## IV. CONCLUSION

The Court **DENIES** Brunckhorst's Motion to Dismiss (ECF No. 4) Williams' R.C. 411.02(I) retaliation claim based upon his complaints to his boss. The Court **GRANTS** Brunckhorst's Motion to Dismiss (ECF No. 4) Williams' R.C. 411.02(I) retaliation claim premised upon his EEOC Charge.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**